Leslie A. Cohen, Esq. (SBN: 93698)
    leslie@lesliecohenlaw.com
J'aime K. Williams, Esq. (SBN 261148)
    jaime@lesliecohenlaw.com
Brian A. Link, Esq. (SBN 275683)
    brian@lesliecohenlaw.com
LESLIE COHEN LAW, PC
506 Santa Monica Blvd., Suite 200
Santa Monica, CA 90401
Telephone: (310) 394-5900
Facsimile: (310) 394-9280

Attorneys for Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

*In re*

TODD-SOUNDELUX, LLC

    Debtor and
    Debtor in Possession

Case No. 2:14-bk-19980-SK

Chapter 11

**NOTICE OF MOTION AND MOTION BY DEBTOR IN POSSESSION (1) TO APPROVE SALE AGREEMENT WITH PITCH SLAPPED PRODUCTIONS LLC, (2) FOR AUTHORITY TO SELL ESTATE'S INTEREST IN PERSONAL PROPERTY (3) TO PAY SALES COMMISSION TO TIGER GROUP (4) DETERMINING THE BUYER TO BE A "GOOD FAITH" PURCHASER WITHIN THE MEANING OF BANKRUPTCY CODE SECTION 363(M); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF MICHAEL GREIF; DECLARATION OF SCOTT NIEMEYER**

Hearing Information:
Date: October 23, 2014
Time: 8:30 a.m.
Courtroom: 1575

---

1

MOTION FOR SALE OF PROPERTY

TO THE HONORABLE SANDRA KLEIN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, COUNSEL FOR THE CREDITOR'S COMMITTEE, PARTIES IN INTEREST AND PERSONS REQUESTING SPECIAL NOTICE:

**PLEASE TAKE NOTICE** that Todd-Soundelux, LLC ("**Debtor**"), Debtor and Debtor-in-Possession in the above-captioned bankruptcy case, will and hereby does move the Court for an order: (1) approving the Debtor's proposed Sale Agreement with Pitch Slapped Productions, LLC ("**PSP**" or "**Buyer**"); (2) authorizing the sale, free and clear of liens, of the Estate's interest in a small lot of leased equipment defined in the Sale Agreement (the "**Property**") to PSP; (3) approving the payment of a 15% commission to Tiger Remarketing Services in connection with the sale; (4) determining PSP to be a "good faith" purchaser within the meaning of Bankruptcy code Section 363(m); and (5) waiving the 14 day stay under FRBP 6004(h).  The Debtor seeks to sell the Property for $37,605.00, including taxes and commissions, to an arms-length buyer. The Property shall be conveyed on an as-is, where-is basis without representation or warranty (with all faults, without express or implied warranties of merchantability or fitness for particular purpose), and the sale shall be free and clear of all liens and claims. An initial $3,450.00 deposit has been made to Debtor's Court-approved auctioneer, Tiger Remarketing Services ("**Tiger**").  The balance of $34,155.00 shall be paid within 48 hours of Court approval of this Motion, and net proceeds (gross amount less Tiger's commission and sales tax) in the amount of $30,000 shall ultimately be deposited in Debtor's general DIP account.  The assets proposed to be sold to PSP are separate from the personal property assets which Tiger is selling on the Debtor's behalf at auction on October 7, 2014 pursuant to this Court's Order entered August 29, 2014 [Docket No. 266]

The motion is based upon the accompanying Memorandum of Points and Authorities and Declaration of Michael Greif, all files and pleadings and records on file in this Chapter 11 bankruptcy case or anything else of which the Court may take judicial notice, and such other evidence as may be presented at the hearing on this Motion.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held on this Motion before the Honorable Sandra R. Klein on October 23, 2014 at 8:30 a.m. in Courtroom 1575 located at 255 E. Temple St., Los Angeles, CA 90012.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule (LBR) 9013-1(f), any party objecting to the relief sought in the Motion must file written objections with the Bankruptcy Court and

must serve such objections upon counsel listed above and the Office of the United States Trustee, at the Office of the U.S. Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017, not later than 14 days before the date to set for hearing. Failure to file and serve a timely written opposition may be deemed to constitute consent to the relief requested in the Motion, per LBR 9013-1(h).

**WHEREFORE**, the Debtor respectfully requests this Court to enter an order:

1. Granting this Motion in its entirety;
2. Approving the Sale Agreement;
3. Approving the Sale of the Property to the Buyer;
4. Determining Buyer to be a "good faith" purchaser within the meaning of Bankruptcy code Section 363(m);
5. Waiving the 14 day stay under FRBP 6004(h).
6. Authorizing the Debtor to take all steps required and/or contemplated to complete the proposed sale;
7. Granting such other and further relief as the Court deems just and proper.

Dated: October 2, 2014                                         LESLIE COHEN LAW, PC


                                                               By:    /s/ Leslie A. Cohen
                                                               Leslie A. Cohen
                                                               Attorneys for Debtor and Debtor
                                                               In Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Todd-Soundelux, LLC ("**Debtor**"), Debtor and Debtor-in-Possession in the above-captioned bankruptcy case, will and hereby does move the Court for an order: (1) approving the Debtor's proposed Sale Agreement with Pitch Slapped Productions, LLC ("**PSP**" or "**Buyer**"); (2) authorizing the sale, free and clear of liens, of the Estate's interest in a small lot of leased equipment defined in the Sale Agreement (the "**Property**") to PSP; (3) determining PSP to be a "good faith" purchaser within the meaning of Bankruptcy code Section 363(m); and (4) waiving the 14 day stay under FRBP 6004(h).  The Debtor seeks to sell the Property for $37,605.00, including taxes and commissions, to an arms-length buyer. The Property shall be conveyed on an as-is, where-is basis without representation or warranty (with all faults, without express or implied warranties of merchantability or fitness for particular purpose), and the sale shall be free and clear of all liens and claims. An initial $3,450.00 deposit has been made to Debtor's Court-approved auctioneer, Tiger Remarketing Services ("**Tiger**").  The balance of $34,155.00 shall be paid within 48 hours of Court approval of this Motion, and net proceeds (after payment of sales tax and Tiger's commission) in the amount of $30,000 shall ultimately be deposited in Debtor's general DIP account.  The assets proposed to be sold to PSP by way of this Motion are separate from the personal property assets which Tiger is selling on the Debtor's behalf at auction on October 7, 2014 pursuant to this Court's Order August 29, 2014 [Docket No. 266].

## II. FACTUAL BACKGROUND

Debtor, was an independent creative post-production sound company which provided services for film and television, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code ("**Code**") on May 21, 2014 (the "**Petition Date**") commencing this case in the United States Bankruptcy Court for the Central District of California (the "**Bankruptcy Court**" or "**Court**").[1] Debtor manages and operates its estate as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  An Official Committee of Unsecured Creditors ("**OCC**") was appointed on or about June 20, 2014.  *See* Docket No. 98.  Debtor and its counsel have been working closely with the OCC and its counsel since the OCC's formation.  As of this filing, no trustee or examiner has been appointed in Debtor's case.

---

[1] Unless otherwise noted, all statutory references refer to the U.S. Bankruptcy Code, 11 U.S.C. §101 *et seq*.

The Debtor's financial difficulties were primarily caused by a significant decline in revenues, primarily in the feature film segment, which has impacted the independent post production sound business in the Los Angeles area. The Debtor commenced the chapter 11 case in good faith, with the intention to liquidate through the sale of its business segments; and, shortly thereafter ceased its business operations and began to liquidate its equipment and other tangible personal property.

As indicated on Debtor's Schedule "B" the Debtor owns certain equipment used in business, including lot of leased equipment (the "**Property**") listed in the Sales Invoice and Agreement (the "**Sale Agreement**") attached hereto as Exhibit A. This Property was not included in the equipment to be auctioned by Tiger pursuant to Order entered August 29, 2014 [Docket No. 266], and is therefore being noticed separately.

### III.  **SUMMARY OF PROPOSED SALE AND PROCEDURES**

Pursuant to the Sales Agreement attached hereto as Exhibit A and incorporated herein by reference, the terms of the sale are generally as follows:

a. PSP shall purchase the equipment specified in exhibit A attached to the Sale Agreement (the "**Property**");

b. The Purchase Price for the proposed sale is $30,000.00, plus a 15% buyer's premium payable to Tiger, plus sales tax assessed at 9.0%, for a total amount of $37,605.00 (the "**Purchase Price**");

c. A 10% deposit has been paid by PSP to Tiger, and the balance of the Purchase Price will be paid within 48 hours of bankruptcy court approval by wire transfer;

d. The Property shall be conveyed on an as-is, where-is basis without representation or warranty (with all faults, without express or implied warranties of merchantability or fitness for particular purpose), without physical transfer of the items as they are already under PSP's control, and the sale shall be free and clear of all liens and claims; and

e. The sale is subject to the approval of the OCC (which has already approved the sale) and the Bankruptcy Court. .

The Debtor respectfully submits that Tiger has submitted the Property to a competitive bidding and marketing process, and establishing a further bidding procedure is not necessary for the sale of the Property. Specifically, the Debtor seeks to sell the Property to an arms-length purchaser after negotiations by Tiger, including the involvement of the Debtor and the OCC. Accordingly, the Debtor and the OCC have all

approved the transaction.  The Debtor believes that the price, in its business judgment, is fair and reasonable under the circumstances, and the OCC also agrees that the transaction is reasonable and appropriate and in the best interests of the Debtor's estate and creditors.

Further, the Debtor proposed sale to PSP of the Property is on an as-is, where-is basis without representation or warranty.

The Debtor believes, in its sound business judgment, the sale to be fair and equitable, for the best price.  Debtor therefore respectfully submits that the Sale Agreement should be approved without a separate and alternative overbid process taking place, and that in light of the terms of sale and the nature of the proposed Buyer, Debtor respectfully submits that the Court should approve the proposed sale of the Property.  At the same time, the Debtor is providing notice of the sale to creditors and parties in interest so they can object and offer evidence if they disagree.

Additionally, the Debtor is seeking a determination that the ultimate buyer of the Property is a "good faith purchaser" for the purposes of Section 363(m) of the Bankruptcy Code.  Debtor also requests that the stay provided by Rule 6004(h) of the Federal Rules of Bankruptcy Procedures be waived and no fourteen (14) day stay be in effect after entry of the order granting this Motion.

## IV. DISCUSSION

### a. The Court Should Authorize The Debtor To Sell The Property Free And Clear Of Any Liens, Claims, And Encumbrances Pursuant To The Terms Of The Sale

Bankruptcy Code Section 363(b)(1) authorizes the trustee or debtor in possession, after notice and a hearing, to use, sell or lease property of the estate outside the ordinary course of business.  One commentator observes that:

> [i]n determining whether to approve a proposed sale under section 363, courts generally apply standard that represent essentially a business judgment test.  Some courts have described the standard as one of "good faith" or of whether the transaction is "fair and equitable."  Others question whether the sale is "in the best interest of the estate." (Citations omitted.)  3 Collier on Bankruptcy Paragraph 363.02[1][f].

While the Debtor believes the sale is not outside the ordinary course of business, it is bringing this Motion out of an abundance of caution and in an effort to make full disclosure.  If the sale were to be

considered outside of the ordinary course, the proposed sales pass muster under all of the articulated standards.  The Debtor believes in good faith, as supported by the attached Greif Declaration, that the transaction is more than "fair and equitable" to the creditors of the estate, and thus in the best interest of the estate.  The Greif Declaration also supports that no "over-bidders" have contacted the Debtor, and that the Debtor believes, in its sound business judgment, the sale to be more than fair and equitable, for the best price, and that there are no viable alternative purchasers.  The Debtor believes the sale price reflects market conditions and brings in the most money possible to the estate.

In light of the terms of sale and the nature of the proposed purchaser, the Debtor respectfully submits that the Court should approve the proposed sale of the Property.  Additionally, the Debtor requests that the Court approve the sale pursuant to Section 363(b)(1) and 363(f), free and clear of any liens, claims and encumbrances, as contemplated by the agreement.  Debtor requests authority to transfer free and clear title to its buyers and believes that doing so is appropriate under the circumstances.

### b. The Court Should Approve the Payment of the 15% Buyer's Premium as a Commission to Tiger

As noted above, the assets subject to this Motion are different from the assets that Tiger will be selling on Debtor's behalf at auction on October 7, 2014.  This Court has already entered an Order approving Tiger as Debtor's auctioneer and has made a finding that Tiger is disinterested and qualified to market and sell Debtor's assets.  See Docket No. 235.  Based on Debtor's business judgment, 15% is a fair and market rate for Tiger's work on the sale, and is being paid by the Buyer, not the seller.  Accordingly, Debtor respectfully requests that this Court approve the payment of the 15% buyer's premium to Tiger in connection with the sale.

### c. The Court Should Find That The Buyers Are A Good Faith Purchaser Within The Meaning Of 11 U.S.C. § 363(m)

Bankruptcy Code Section 363(m) provides that a purchaser of property of the estate is protected from the effects of a reversal on appeal of the authorization to sell or leas as long as the purchaser acted in good faith and the appellant failed to obtain a stay of sale. (Citations omitted) 3 Collier on Bankruptcy paragraph 363.11.  The Code does not define "good faith."  Courts have found that a good faith purchase is "one who buys property…for value, without knowledge of adverse claims," and that lack of good faith is typically shown

1  by "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly
2  unfair advantage of other bidders." *Id*.

3      The Buyer is not an insider of the Debtor, and the offer was negotiated at arms-length and in good
4  faith by Tiger. There is no hint of any fraud or collusion or other absence of good faith. Movant has not
5  received any offers that would result in greater value to the estate than the Buyer's Sale Agreement offer. In
6  Debtor's sound business judgment, the offer will maximize value to the estate.

7      Additionally, the Debtor is seeking a determination that the ultimate buyer of the Property is a "good
8  faith purchaser" for the purposes of Section 363(m) of the Bankruptcy Code. Such a finding is warranted
9  because PSP is an independent third party, arms-length buyer who seeks to buy the assets at prices that are
10 reasonable and negotiated.

11     Debtor also requests that the stay provided by Rule 6004(h) of the Federal Rules of Bankruptcy
12 Procedures be waived and no fourteen (14) day stay be in effect after entry of the order granting this Motion.

13     Accordingly, the Court should find the ultimate Buyer to be a Good Faith Purchaser under Section
14 363(m).

15                                 **V.  CONCLUSION**

16     As set forth more fully above, and for the reasons herein, the Debtor respectfully request that the
17 Court enter an order (1) granting this Motion, (2) approving the Debtor's proposed Sale Agreement with PSP,
18 (3) authorizing the sale, free and clear of liens, of the Estate's interest in the Property, (4) determining
19 Formosa to be a "good faith" purchaser within the meaning of Bankruptcy code Section 363(m), (5) waiving
20 the 14 day stay under FRBP 6004(h), and (6) any other relief the Court shall deem just and proper under the
21 circumstances.

22 Dated: October 2, 2014                    LESLIE COHEN LAW, PC

23                                      */s/ Leslie A. Cohen*
                                     Leslie A. Cohen
24                                    Attorneys for Debtor and Debtor in
25                                    Possession

26
27
28

# DECLARATION OF MICHAEL GREIF

I, Michael Greif, declare as follows:

1. I am over 18 years of age. I am the VP and Secretary of Todd-Soundelux, LLC (the "Debtor") the debtor and debtor-in-possession in the above-captioned bankruptcy cases. Unless otherwise stated, I have personal knowledge or information of the facts set forth herein and, if called as a witness, could and would testify competently thereto. Where facts are alleged upon information and belief, I believe them to be true and correct. I make this declaration in support of the Debtor's *(1) To Approve Sale Agreement With Pitch Slapped Productions, LLC, (2) For Authority To Sell Estate's Interest In Personal Property (3) To Pay Sales Commission to Tiger Group, (4)Determining The Buyer To Be A "Good Faith" Purchaser Within The Meaning Of Bankruptcy Code Section 363(M)* ("Motion"). Where capitalized terms herein are undefined, they shall have the same meaning as in the Motion.

2. By the preceding Motion, the Debtor seeks an order: seeks an order: (1) approving the Debtor's proposed Sale Agreement with Pitch Slapped Productions, LLC ("**PSP**" or "**Buyer**"); (2) authorizing the sale, free and clear of liens, of the Estate's interest in a small lot of leased equipment defined in the Sale Agreement (the "**Property**") to PSP; (3) approving the payment of a 15% commission to Tiger Remarketing Services in connection with the sale; (4) determining PSP to be a "good faith" purchaser within the meaning of Bankruptcy code Section 363(m); and (5) waiving the 14 day stay under FRBP 6004(h). The Debtor seeks to sell the Property for $37,605.00, including taxes and commissions, to an arms-length buyer. The Property shall be conveyed on an as-is, where-is basis without representation or warranty (with all faults, without express or implied warranties of merchantability or fitness for particular purpose), and the sale shall be free and clear of all liens and claims. An initial $3,450.00 deposit has been made to Debtor's Court-approved auctioneer, Tiger Remarketing Services ("**Tiger**"). The balance of $34,155.00 shall be paid within 48 hours of Court approval of this Motion, and net proceeds (gross amount less Tiger's commission and sales tax) in the amount of $30,000 shall ultimately be deposited in Debtor's general DIP account. The assets proposed to be sold to PSP are separate from the personal property assets which Tiger is selling on the Debtor's behalf at auction on October 7, 2014 pursuant to this Court's Order entered August 29, 2014 [Docket No. 266].

3. Debtor, was an independent creative post-production sound company which provided services for film and television, filed a voluntary petition for relief under chapter 11 of title 11 of the United States

Bankruptcy Code ("**Code**") on May 21, 2014 (the "**Petition Date**") commencing this case in the United States Bankruptcy Court for the Central District of California (the "**Bankruptcy Court**" or "**Court**").[2] Debtor manages and operates its estate as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. An Official Committee of Unsecured Creditors ("**OCC**") was appointed on or about June 20, 2014. *See* Docket No. 98. Debtor and its counsel have been working closely with the OCC and its counsel since the OCC's formation. As of this filing, no trustee or examiner has been appointed in Debtor's case.

4. The Debtor's financial difficulties were primarily caused by a significant decline in revenues, primarily in the feature film segment, which has impacted the independent post production sound business in the Los Angeles area. The Debtor commenced the chapter 11 case in good faith, with the intention to liquidate through the sale of its business segments; and, shortly thereafter ceased its business operations and began to liquidate its equipment and other tangible personal property.

5. As indicated on Debtor's Schedule "B" the Debtor owns certain equipment, including lot of leased equipment (the "**Property**") listed in the Sales Invoice and Agreement (the "**Sale Agreement**") attached hereto as Exhibit A. This Property was not included in the equipment to be auctioned by Tiger pursuant to Order entered August 29, 2014 [Docket No. 266], and is therefore being noticed separately.

6. Pursuant to the Sale Agreement, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference, the terms of the sale are generally as follows:

  a. PSP shall purchase the equipment specified in exhibit A attached to the Sale Agreement (the "**Property**");
  b. The Purchase Price for the proposed sale is $30,000.00, plus a 15% buyer's premium payable to Tiger, plus sales tax assessed at 9.0%, for a total amount of $37,605.00 (the "**Purchase Price**");
  c. A 10% deposit has been paid by PSP to Tiger, and the balance of the Purchase Price will be paid within 48 hours of bankruptcy court approval by wire transfer;
  d. The Property shall be conveyed on an as-is, where-is basis without representation or warranty (with all faults, without express or implied warranties of merchantability or fitness for

---

[2] Unless otherwise noted, all statutory references refer to the U.S. Bankruptcy Code, 11 U.S.C. §101 *et seq*.

particular purpose), without physical transfer of the items as they are already under PSP's control, and the sale shall be free and clear of all liens and claims; and

  e. The sale is subject to the approval of the OCC (which has already approved the sale) and the Bankruptcy Court.

7. The Debtor respectfully submits that Tiger has submitted the Property to a competitive bidding process, and establishing a further bidding procedure is not necessary for the sale of the Property. Specifically, the Debtor seeks to sell the Property to an arms-length purchaser after negotiations by Tiger, including the involvement of the Debtor and the OCC. Accordingly, the Debtor and the OCC have all approved the transaction. The Debtor believes that the price, in its business judgment, is fair and reasonable under the circumstances, and the OCC also agrees that the transaction is reasonable and appropriate and in the best interests of the Debtor's estate and creditors.

8. Further, the Debtor seeks to sell the Property on an as-is, where-is basis without representation or warranty.

9. The Debtor believes, in its sound business judgment, the sale to be fair and equitable, for the best price. Debtor therefore respectfully submits that the Sale Agreement should be approved without a separate and alternative overbid process taking place, and that in light of the terms of sale and the nature of the proposed Buyer, Debtor respectfully submits that the Court should approve the proposed sale of the Property.

10. While the Debtor believes the sale is not outside the ordinary course of business, it is bringing this Motion out of an abundance of caution and in an effort to make full disclosure. If the sale were to be considered outside of the ordinary course, the proposed sales pass muster under all of the articulated standards. The Debtor believes in good faith that the transaction is more than "fair and equitable" to the creditors of the estate, and thus in the best interest of the estate. No "over-bidders" have contacted the Debtor, as discussed above, and that the Debtor believes, in its sound business judgment, the sale to be more than fair and equitable, for the best price, and that there are no viable alternative purchasers. The Debtor believes the sale price reflects market conditions and brings in the most money possible to the estate.

11. The Buyer is not an insider of the Debtor, and the offer was negotiated at arms-length and in good faith by Tiger. There is no hint of any fraud or collusion or other absence of good faith. The Debtor has

not received any offers that would result in greater value to the estate than the Buyer's Sale Agreement offer. In Debtor's sound business judgment, the offer will maximize value to the estate.

12.  I respectfully request that the Court approve the proposed sale on the terms described.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 2, 2014 at Miami, FL.

_____
Michael Greif, VP and Secretary

# DECLARATION OF SCOTT NIEMEYER

I, Scott Niemeyer, declare as follows:

1. I am over 18 years of age. I am the ___MANAGER___ of Pitch Slapped Productions LLC ("Buyer"). Unless otherwise stated, I have personal knowledge or information of the facts set forth herein and, if called as a witness, could and would testify competently thereto. Where facts are alleged upon information and belief, I believe them to be true and correct. I make this declaration in support of the Debtor's *(1) To Approve Sale Agreement With Pitch Slapped Productions, LLC, (2) For Authority To Sell Estate's Interest In Personal Property (3) To Pay Sales Commission to Tiger Group, (4)Determining The Buyer To Be A "Good Faith" Purchaser Within The Meaning Of Bankruptcy Code Section 363(M)* ("Motion"). Where capitalized terms herein are undefined, they shall have the same meaning as in the Motion.

2. Pitch Slapped Productions, LLC is not an insider of the Debtor, has no affiliation with the Debtor or its principals, and the offer was negotiated at arms-length and in good faith. There is no hint of any fraud or collusion or other absence of good faith.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 2, 2014 at Santa Monica, CA.

_____
Scott Niemeyer

# **EXHIBIT A**

# TIGER

**As Agent for Sbarro**

# Sale Invoice

Todd Soundelux

**Buyer #0001**
Paul Brooks
Pitch Slapped Productions LLC
415 N. 15th Street, 3rd Floor
Baton Rouge        LA      70802

225-228-0575

| Lot Number | Qty | Description | Sale Price | Extended |
|---|---|---|---|---|
| P1 | 1 | Equipment Per the Attached Exhibit A, under use and control of Pitch Slapped Productions LLC | 30,000.00 | 30,000.00 |
| | | **Sales Tax** 9.000% | | 3,105.00 |

Buyer hereby accepts all items "as-is, where-is" with all faults.  Buyer shall pay the balance due by wire transfer within 48 hours of the transaction being approved by the bankruptcy court, in accordance with Buyer's offer Letter.

| | |
|---|---|
| **Total Purchases** | 30,000.00 |
| **Buyers' Premium @** 15% | 4,500.00 |
| **Sales Tax** | 3,105.00 |
| **Total Invoice** | 37,605.00 |
| **Payments** | -3,450.00 |
| **Balance Due** | 34,155.00 |

Invoice Generated:  9/12/14 @ 1:54 PM

Tiger Remarketing Services
340 N. Westlake Blvd., #260 | Westlake Village, CA  91362 | 800-758-8443  Fax: 805-497-2211 | auctions@tigergroup.com

*Pitch Slapped Productions LLC*

415 N. 15th Street • 3rd Floor • Baton Rouge, LA • 70802 • Ph: (225) 228-0575

September 8th, 2014

Jeff Tanenbaum, CAI, CES
President - Remarketing Services
Tiger Group / Asset Intelligent
340 N. Westlake Blvd., Suite 260
Westlake Village, CA 91362

**Re: Equipment purchase / Letter of Commitment**

Dear Mr. Tanenbaum,

This letter is to confirm the details of our offer to purchase certain equipment, itemized on the attached list (**Exhibit A**).

The offer amount for the total assets listed on Exhibit A is $30,000, plus a 15% buyer's premium, totaling $34,500. Sales tax will be added and assessed at 9.0%.

Upon acceptance of this offer, a 10% deposit will be promptly paid by check to Tiger Group. The balance will be paid within 48 hours upon bankruptcy court approval, by wire transfer.

Please note, the equipment shall be accepted as-is, where-is and no physical transfer of the items shall be necessary upon closing since we currently have control of the items.

This transaction is subject to the approval of the debtor, the creditor's committee and the bankruptcy court, a hearing for which is currently scheduled for October 2nd, 2014.

Please promptly respond with your acceptance or refusal of this offer.

Kind regards,

Very truly yours,

Paul Brooks,
Pitch Slapped Productions LLC

# EXHIBIT A

| Item | Brand |
|---|---|
| Mac Pro 2010/ 32gb / SSD | Apple |
| Mac Pro 2010/ 32gb / SSD | Apple |
| 192 Interface | Avid |
| 192 Interface | Avid |
| 192 Interface | Avid |
| Avid HDX Card | Avid |
| Avid HDX Card | Avid |
| Avid HDX Card | Avid |
| Sync HD | Avid |
| Sync HD | Avid |
| 24" Flat Panel Computer Monitor | Dell |
| 24" Flat Panel Computer Monitor | Dell |
| 28" Flat Panel Computer Monitor | Hanns-G |
| JBL M2 Reference Monitor | JBL |
| JBL M2 Reference Monitor | JBL |
| JBL M2 Reference Monitor | JBL |
| JBL Sub 4645C | JBL |
| Crown IT-5000HD Amp | Crown |
| Crown IT-5000HD Amp | Crown |
| Crown IT-5000HD Amp | Crown |
| JBL 308 Speaker | JBL |
| JBL 308 Speaker | JBL |
| UAD Octo Ultimate | UAD |
| Sony Headphone | Sony |
| Sony Headphone | Sony |
| Sony Headphone | Sony |
| Sony Headphone | Sony |
| JBL PRX715 Monitor | JBL |
| JBL PRX715 Monitor | JBL |
| JBL PRX518S Subwoofer | JBL |
| Avid Icon D-Command Main | Avid |
| Avid Icon D-Command Fader Pack | Avid |
| PT10HD License | Avid |
| PT10HD License | Avid |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION BY DEBTOR IN POSSESSION (1) TO APPROVE SALE AGREEMENT WITH PITCH SLAPPED PRODUCTIONS LLC, (2) FOR AUTHORITY TO SELL ESTATE'S INTEREST IN PERSONAL PROPERTY (3) DETERMINING THE BUYER TO BE A "GOOD FAITH" PURCHASER WITHIN THE MEANING OF BANKRUPTCY CODE SECTION 363(M); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF MICHAEL GREIF; DECLARATION OF SCOTT NIEMEYER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/2/14, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- David E Ahdoot    dahdoot@bushgottlieb.com, rsanthon@bushgottlieb.com
- Melody G Anderson    manderson@hemar.com
- James C Bastian    jbastian@shbllp.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;Brian@lesliecohenlaw.com
- M Douglas Flahaut    flahaut.douglas@arentfox.com
- Barry R Gore    bgore@goreassociates.com, nnarag@goreassociates.com
- Joseph A Kohanski    jkohanski@bushgottlieb.com, jsilver@bushgottlieb.com
- Mette H Kurth    kurth.mette@arentfox.com, nancy.peters@arentfox.com
- Ian Landsberg    ilandsberg@landsberg-law.com, bgomelsky@landsberg-law.com;cdonoyan@landsberg-law.com;dzuniga@landsberg-law.com;ilandsberg@ecf.inforuptcy.com
- Dare Law    dare.law@usdoj.gov
- Robert K Lee    uclalaw90@gmail.com
- Melissa Davis Lowe    mdavis@shbllp.com, lverstegen@shbllp.com
- Daniel J McCarthy    dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;docket@hillfarrer.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- Leo D Plotkin    lplotkin@lsl-la.com, hpetrilli@lsl-la.com;dsmall@lsl-la.com
- Lindsey L Smith    lls@lnbyb.com
- Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

Gilbert B Weisman    notices@becket-lee.com                      ☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/2/14, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| Hon. Sandra Klein | Office of United States Trustee | TODD-SOUNDELUX, LLC |
| U.S. Bankruptcy Court | 915 Wilshire Blvd., Suite 1850 | 7080 Hollywood Blvd. |
| 255 E. Temple St. | Los Angeles, CA 90017 | 6th Floor |
| Los Angeles, CA 90012 | | Hollywood, CA 90028 |

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/2/14 | Brian Link | /s/ Brian Link |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                     F 9013-3.1.PROOF.SERVICE

**SERVED BY MAIL:**

<u>20 Largest Unsecured</u>:

| | | |
|---|---|---|
| Mike Minkler<br>6250 Hollywood Blvd Unit 50<br>Los Angeles, CA 90028 | ZAYO GROUP<br>PO Box 952136<br>Dallas, TX 75395-2136 | SINC Productions<br>1130 S. FLOWER ST #117<br>LOS ANGELES, CA 90015 |
| Ascent Media Holding Inc.<br>PO BOX 816288<br>DALLAS, TX 75381 | LCFRE SM Arizona LP<br>P.O. Box 844118<br>Los Angeles, CA 90084-4118 | Joan Rowe<br>311 VIRGINIA STREET, #A<br>EL SEGUNDO, CA 90245 |
| Monitronics International<br>PO BOX 816288<br>DALLAS, TX 75381 | American Express<br>P.O. BOX 32900<br>Weston, FL 33332-9000 | Sovereign Sound Inc.<br>15458 CABRITO RD.<br>STAGE A<br>VAN NUYS, CA 91406 |
| Jamestown Lantana North, L.P.<br>PO BOX 31001-2064<br>PASADENA, CA 91110-2064 | Minkler Corporation<br>6250 Hollywood Blvd Unit 50<br>Los Angeles, CA 90028 | EDNET<br>1291 SW 29TH AVE<br>POMPANO BEACH, FL 33069 |
| MOTION PICTURE INDUSTRY - Todd AO<br>PENSION & HEALTH PLANS<br>PO BOX 1999<br>STUDIO CITY, CA 91614-0999 | Jackie Jones<br>729 N. WILTON PL<br>LOS ANGELES, CA 90038 | Peter Brown<br>2437 18th Street<br>Santa Monica, CA 90405 |
| Gary Hecker<br>839 7th St.<br>Hermosa Beach, CA 90254 | MOTION PICTURE INDUSTRY - Soundelux<br>PENSION & HEALTH PLANS<br>PO BOX 1999<br>STUDIO CITY, CA 91614-0999 | Atomic Sound Post Production Services<br>Attn: Thomas E de Gorter<br>P.O. Box 802211<br>Valencia, Ca. 91380-2211 |
| 900 Seward Hollywood, LLC<br>3103 Neilson Way, Ste A<br>Santa Monica, CA 90405 | L.A. DWP<br>P.O. Box 30808<br>Los Angeles, CA 90030-0808 | 7080 Hollywood LLC<br>DEPT 9385<br>Los Angeles, CA 90084-9385 |

<u>Committee</u>:

| | | |
|---|---|---|
| 900 Seward Hollywood, LLC<br>c/o Jonathan Barach, President<br>3103 Neilson Way, Suite A<br>Santa Monica, CA 90405 | Sovereign Sound<br>c/o Marc Matiosian, President<br>493 Stanford Place<br>Santa Barbara, CA 93111 | Slick Sounds<br>c/o David F. Van Slyke, Sound Designer<br>5038 Westwood Boulevard<br>Culver City, CA 90230 |
| Entertainment Digital Network (Ednet)<br>Division of Onstream Media<br>clo Thomas A. Scott, Vice President of Technology<br>1291SW29thh Avenue<br>Pompano Beach, FL 33069 | Minkler Corporation<br>c/o Michael Minkler, President<br>6250 Hollywood Boulevard, Unit 5D<br>Los Angeles, CA 90028 | Mette H. Kurth<br>Arent Fox LLP<br>555 West 5th Street, 48th Floor<br>Los Angeles, CA  90013 |

<u>Special Notice</u>:

| | | |
|---|---|---|
| Robert K. Lee<br>1007 N. Sepulveda Bldv. #1237<br>Manhattan Beach, CA 90267-1237 | Ian S. Landsberg<br>Landsberg & Associates, A PC<br>5950 Canoga Avenue, Suite 605<br>Woodland Hills, CA. 91367 | Linda Boyle<br>tw telecom inc.<br>10475 Park Meadows Drive, #400<br>Littleton, CO 80124 |

0
MOTION FOR SALE OF PROPERTY